IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RENTERIA, | No. C 09-05230 CW (PR) |
| Petitioner. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND FOR EVIDENTIARY HEARING |
| v. | |
| A. HEDGEPETH, et al., | |
| Respondents. | |

Petitioner has requested the appointment of counsel and an evidentiary hearing.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). However, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations, see Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965), cert. denied, 382 U.S. 996 (1966), and whenever an evidentiary hearing is required, see Rule 8(c) of the Rules Governing Section 2254 Cases; United States v.

1 Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); Bashor, 730 F.2d
2 at 1234.
3     The Court finds that the appointment of counsel is not
4 necessary at this time.  Petitioner's claims are typical claims
5 that arise in criminal appeals and are not especially complex.
6 This is not an exceptional case that would warrant representation
7 on federal habeas review.
8     There also is no indication that an evidentiary hearing is
9 required under 28 U.S.C. § 2254(e).  Petitioner's claims do not rely
10 upon extra-record evidence and a factual basis exists in the record
11 to determine the claims.  If during its review of the merits of the
12 petition the Court determines that further fact finding is required,
13 the Court will decide whether to hold an evidentiary hearing or
14 whether the facts can be gathered by way of mechanisms short of an
15 evidentiary hearing, such as supplementation of the record with
16 sworn declarations from the pertinent witnesses.  See Downs v. Hoyt,
17 232 F.3d 1031, 1041 (9th Cir. 2000).
18     For these reasons, Petitioner's requests for the appointment
19 of counsel and an evidentiary hearing are DENIED.
20     This Order terminates Docket nos. 16 and 24.
21     IT IS SO ORDERED.
22 Dated: 2/9/2011

                            _____
                            CLAUDIA WILKEN
                            UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LUIS RENTERIA,

        Plaintiff,

v.

A. HEDGEPETH et al,

        Defendant.

Case Number: CV09-05230 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 9, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Luis Renteria E-75707
F-3-14-225
R.J. Donovan State Prison
P.O. Box 799003
San Diego, CA 92179

Dated: February 9, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk