IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS RENTERIA, | No. C 09-5230 CW (PR) |
| Petitioner, | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| A. HEDGPETH, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a pro se state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

Petitioner is serving a sentence of sixteen years to life in state prison after having been convicted of second degree murder in 1990. In the present petition, Petitioner is not challenging his conviction or a parole denial. Rather, his sole claim is that his continued incarceration past a date that the California Department of Corrections and Rehabilitation (CDCR) refers to as his "maximum eligible parole date" of October 2, 2005 is a violation of his right to due process. (Pet. at 6, 8.)[1] The sole basis for his claim is that the words "maximum eligible parole date" appear on documents created by the CDCR that are in Petitioner's file. (Pet., Ex. A at 1.) Petitioner sought, but was denied, relief on

---

[1] Petitioner also claims, without elaboration, that his continued incarceration violates his right to equal protection. (Pet. at 6.) Because Petitioner's contentions are directed solely to due process, the Court does not further address his unsupported equal protection claim.

state collateral review in regard to this claim. Petitioner filed his state habeas petition jointly with another petitioner, Gene Paul Woodham. This federal habeas petition followed.

## STANDARD OF REVIEW

A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claims: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings of the Supreme Court as of the time of the relevant state court decision. Id. at 412.

If constitutional error is found, habeas relief is warranted only if the error had a "'substantial and injurious effect or

influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)).

## DISCUSSION

Petitioner's claim fails because he has no right to be actually released on his "maximum eligible parole date." Respondent explains that the "maximum eligible parole date" is calculated by taking a prisoner's minimum sentence–here sixteen years of a sixteen to life sentence–and subtracting creditable time served, which here is about one year, leading to a minimum prison term of fifteen years. This number in turn is used by the CDCR to calculate an inmate's minimum eligible parole release date, based on good time and other considerations. However, this theoretical calculation by the CDCR does not create a constitutionally protected liberty interest in parole at any particular time. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).

A prisoner may acquire a liberty interest in parole if a state, through the use of mandatory language, creates a presumption that parole will be granted when certain designated conditions are satisfied. See Board of Pardons v. Allen, 482 U.S. 369, 377-78 (1987). While California's parole laws do create a recognized liberty interest protected by the Due Process Clause, McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002), a prison's calculation of a "maximum eligible parole date" does not, see Fryburger v. Curry, 348 Fed. Appx. 273, 274 (9th Cir. 2009) (holding that

3

prison's calculation of "maximum eligible parole date" did not give petitioner a liberty interest in parole on that date). The CDCR does not determine suitability for release on parole; the Board of Parole Hearings does that.

In the present case, no parole date has been set, nor was Petitioner promised at any time that he would be paroled on a particular date. Petitioner has been promised only that he may become eligible for parole consideration. Prisoners like Petitioner, serving an indeterminate sentence for second degree murder, "may serve up to life in prison but may become eligible for parole consideration after serving minimum terms of confinement." Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007) (internal quotation marks omitted) overruled in part on other grounds by Hayward v. Marshall, 603 F.3d 546, 555 (9th Cir. 2010) (en banc). Parole may be denied if "the prisoner will pose an unreasonable risk of danger to society if released from prison." Id.

The appearance of the words "maximum eligible parole date" in CDCR documents in Petitioner's file does not change this state of affairs. That is, a "maximum eligible parole date" is not a parole date. It is only part of the CDCR's calculation of parole eligibility dates. Its appearance in documentation in Petitioner's file does not, under Ninth Circuit case law, create a right to or liberty interest in actual release on parole. Accordingly, Petitioner's claim is DENIED.

## CONCLUSION

The state court's denial of Petitioner's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result

in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

Further, a Certificate of Appealability is DENIED. <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Petitioner may not appeal this Court's denial of a Certificate of Appealability but may seek a certificate from the state appellate court under Rule 22 of the Federal Rules of Appellate Procedure. <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 3/13/2012

<i>Claudia Wilken</i>
CLAUDIA WILKEN
United States District Judge